Curran, Dennis J., J.
This case arises out of a dispute over an agreement between the plaintiff, DealerStock, LLC, and the defendants, Marcello Zouain and Natick Auto Center, Inc., for the consignment and sale of cars. After the parties reported that they had reached a settlement, a nisi period entered after which a judgment entered dismissing all claims. DealerStock now asks the court to vacate that judgment and schedule a pretrial conference. The defendants seek to enforce the Settlement Agreement. For the following reasons, DealerStock’s motion to vacate the judgment will be DENIED, and the defendants’ motion to enforce the Settlement Agreement will be ALLOWED.
FACTUAL BACKGROUND
On October 30, 2013, Dealerstock filed a complaint in which it alleged that it had a written agreement with Mr. Zouain and his car dealership, Natick Auto. Under that agreement, DealerStock would consign cars to Mr. Zouain, who would sell them, repay DealerStock for the cost of the cars, and split any profits. DealerS-tock alleged that Mr. Zouain hid vehicle sales and kept the profits for himself. The complaint further alleged that when Dealerstock confronted Mr. Zouain, he admitted to misappropriating monies. Subsequently, he executed two promissory notes and an asset purchase agreement to compensate DealerStock. He later reneged on those contracts. DealerStock also brought various claims seeking to enforce the promissoiy notes and recover funds.
On December 3, 2014, Attorney Zakarian, counsel for DealerStock, emailed a Settlement Agreement to Attorney Carter, counsel for the defendants. The email read: “Attached for your review is the settlement agreement in the Zouain matter. Please let me know if this is acceptable. We have a final [pretrial conference] *639 scheduled for December 9th, so I would like to get this wrapped up and on file with the Court before then.”
The Settlement Agreement provided that the parties agreed to settle the litigation for $25,000 and enter a stipulated judgment in that amount. The Agreement further provided that if Mr. Zouain delivered a check for $10,000 by October 31, 2015 to DealerStock’s counsel, then the stipulated judgment would be deemed satisfied in full. Section 6 of the Settlement Agreement was titled “Future Lawsuits.” Section 6(c) provided: “Natick Auto and Zouain will cooperate with DealerStock’s discovery efforts in determining where the disputed monies were lost. This includes, but is not limited to sharing corporate and personal financial records, and providing an Affidavit detailing what he did with the missing money and vehicles. Any documents provided by Natick Auto and Zouain shall be maintained as confidential.”
The Settlement Agreement also included provisions to dismiss the pending litigation, mutual release of all claims, and a covenant by Mr. Zouain not to sue DealerStock. Other parts of the Settlement Agreement included various common boilerplate provisions, such as confidentiality, an integration clause, and a choice of law clause.
On December 9, 2014, Attorney Zakarian sent an email to Attorney Carter that read: “When we spoke yesterday, you said that your client had signed the agreements but made a few changes that you said I ■would not care about.’ I asked you to please send me copies of whatever he signed or tell me what these supposed changes are. Please do that TODAY so that we can get this finalized, report the settlement to the Court, and not have to proceed with tomorrow’s final pretrial conference.” (Emphasis in original.) Later that same day, Attorney Carter emailed Attorney Zakarian with a revised draft of the Settlement Agreement containing his changes, signed by Mr. Zouain. The defendants’ draft added a sentence to the end of Section 6(c) that read: “However, since Natick Auto and Zouain have no such records, DealerStock shall prepare any such Affidavit.”
On December 10, 2014, the parties notified the court that they had settled the matter, and the court (Giles, J.) entered an order for entry of dismissal nisi as to all parties and claims in thirty days. The order stated: ‘The above entitled action came on before the Court, Linda E. Giles, Justice, and thereupon was REPORTED SETTLED to the Court by counsel of record.” The Order instructed the parties to file an agreement for judgment or stipulation of dismissal by January 9, 2015, but that if no such agreement or stipulation was filed by that date, the clerk would enter a judgment dismissing the complaint without prejudice. On January 12, 2015, the court (Curran, J.) entered a memorandum and order dismissing DealerStock’s complaint without prejudice. On September 14, Attorney Carter sent Attorney Zakarian an email stating: “Judge denied the Motion to Extend. Please send me a fully executed Settlement Agreement signed by your client.” On January 30, 2015, a judgment of dismissal entered as to all claims and parties without prejudice.
DISCUSSION
DealerStock argues that the Settlement Agreement is unenforceable because the defendants changed a material term, and DealerStock never assented to the change. “An enforceable agreement requires (1) terms sufficiently complete and definite, and (2) a present intent of the parties at the time of formation to be bound by those terms.” Targus Group, Int’l, Inc. v. Sherman, 76 Mass.App.Ct. 421, 428 (2010). “It is not required that all terms of the agreement be precisely specified, and the presence of undefined or unspecified terms will not necessarily preclude the formation of a binding contract.” Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000). The controlling fact in determining whether a contract is binding is the intention of the parties. McCarthy v. Tobin, 429 Mass. 84, 87 (1999). To ascertain intent, a court considers the words used by the parties, the agreement taken as a whole, and surrounding facts and circumstances.” Massachusetts Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 45, 46 (1991). Reporting a settlement agreement to the court is a serious matter and strongly suggests that the parties intend to be bound. Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass.App.Ct. 29, 42 (2008) (“This court’s decisions have consistently emphasized the qualities of seriousness and commitment characterizing a settlement agreement reported to a trial court”), and cases cited.
Here, the terms of the Settlement Agreement were clearly definite and had been reduced to writing in formal terms, complete with boilerplate and other standard language in DealerStock’s proposed draft. DealerStock contends that no agreement was reached between the parties because the defendants changed a material term in the Settlement Agreement before signing it. However, the parties reported to the court that they had reached a settlement, which strongly suggests that the parties did agree to all material terms. See id. at 42. Presumably, Attorney Zakarian reviewed the proposed changes before notifying the court of the settlement and did not find them sufficiently objectionable at that time.
The only disputed term here is the added sentence to Section 6(c), which places the burden on DealerS-tock to prepare an affidavit. The single sentence does not appear to be a material term of the Settlement Agreement. In their opposition to DealerStock’s motion to vacate and request to confirm the Settlement Agreement, Mr. Zouain claims that “the changes made to the Settlement Agreement were only minor and not significant...” As the defendants do not seem to think that the change constituted a material term, the court sees no reason to enforce it over DealerStock’s objec *640 tions. Furthermore, if the defendants truly do not possess any records or information related to the missing funds, then the preparation of an affidavit is only a minor burden. Therefore, the court will strike the added sentence in Section 6(c) from the Settlement Agreement. See, e.g., id. at 35-36 (affirming enforcement of settlement agreement after the trial judge made minor deletions).
DealerStock argues that it never made any statement affirming its acceptance of terms of the Settlement Agreement, and thus, Basis is distinguishable. In Basis, plaintiffs counsel sent defense counsel an email with a list of the essential terms of the settlement agreement. Defense counsel replied stating that the list of terms was correct, and subsequently reported in open court and on the record that the parties had reached a settlement. Id. at 32-33. DealerStock is correct that it sent no reply similar to that of defense counsel in Basis. However, that is merely because in the present case, DealerStock was the party offering terms for approval, as was plaintiffs counsel in Basis. DealerStock sent the defendants an email asking “Please let me know if this is acceptable.” DealerStock could hardly send an email affirming its own offer of settlement terms. The fact that the parties contemplated a later formal execution of the Settlement Agreement does not preclude a finding that the parties intended to be bound. See id. at 39-40 (noting that although “deferral of a final written document may weaken the claim of a present and binding intent of the negotiating parties,” such deferral is not conclusive).
DealerStock also argues that the facts of Basis are distinguishable because that case settled after the trial had begun, which meant that the waste of judicial resources from reopening the case would have been significant, while this case had not yet proceeded to trial, lessening the waste of judicial resources. While certainly settlement after the commencement of trial greatly increases the potential waste, such considerations are not limited only to situations where the trial has begun. See id. at 44 (holding that “litigants and litigators negotiating settlement on the eve of trial or in the course of trial are dealing not only with their own interests, but also with the institutional reliance of the trial court” (emphasis added)). Here, the parties were well into the litigation process and were readying for their final pretrial conference.
The court finds that the Settlement Agreement is enforceable because the material terms were sufficiently complete and definite, and the parties intended to be bound by those terms. See Targus Group, Int’l, Inc., 76 Mass.App.Ct. at 428. Therefore, the court denies DealerStock’s motion to vacate, and allows the defendants’ motion to enforce the Settlement Agreement.
ORDER
For these reasons, DealerStock’s motion to vacate the judgment of dismissal is DENIED. The sentence “However, since Natick Auto and Zouain have no such records, DealerStock shall prepare any such Affidavit, ” will be struck from the Settlement Agreement. The defendants’ motion to enforce the Settlement Agreement will otherwise be ALLOWED.